**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**Nancy E. Shelby CALLOWAY,**
**Respondent.**

**No. 2005–SC–0563–KB.**

Supreme Court of Kentucky.

Dec. 22, 2005.

### OPINION AND ORDER

Respondent, Nancy E. Shelby Calloway, whose last known bar roster address is 221 South Second Street, Clarksville, Tennessee, was admitted to the practice of law in the Commonwealth of Kentucky in 1980. On May 6, 2005, the Board of Professional Responsibility of the Supreme Court of Tennessee entered an order publicly censuring Calloway. Upon motion by the Kentucky Bar Association (KBA), this Court issued a show cause order on September 22, 2005, directing Calloway to show cause, if any, pursuant to SCR 3.435(2)(b) why the imposition of identical discipline would be unwarranted. SCR 3.435(4) states in pertinent part: "[T]his Court shall impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Calloway did not respond to this Court's Order and thus failed to show cause why identical discipline should not be imposed in this Commonwealth.

The Tennessee public censure charged that Calloway failed to adequately communicate with her client, resulting in the client retaining another attorney to complete the legal matter. Further, after Calloway and the client could not agree on the amount of money to be refunded, Calloway failed to timely resolve the issue with the Nashville Bar Association's Fee Dispute Committee. The Tennessee Board of Professional Responsibility concluded that Calloway's action violated Rules 1.1, 1.3, 1.4, 1.5, and 8.4(a)(d) of the Tennessee Rules of Professional Conduct.

Similarly, Calloway's conduct violated SCR 3.130–1.1, SCR 3.130–1.3, SCR 3.130–1.4, SCR 3.130–1.5, SCR 3.130–8.3(a), SCR 3.130–3.4, and SCR 3.130–3.5 of the Kentucky Rules of Professional Conduct. Since Calloway failed to show cause why identical discipline should not be imposed in this Commonwealth, Nancy E. Shelby Calloway is hereby publicly reprimanded for her misconduct as set forth above. Calloway is further ordered to pay any and all costs associated with this disciplinary proceeding pursuant to SCR 3.450, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: December 22, 2005.

/s/ Joseph E. Lambert

Chief Justice